IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                         CRIMINAL NO. 18-50013

DARRIUS GREEN                                                                DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's pro se **Motion (Doc. 50)** requesting credit towards his sentence. The undersigned, being well and sufficiently advised, finds and recommends as follows:

On July 11, 2018, Defendant pleaded guilty to possessing a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 31). On November 30, 2018, a judgment was entered sentencing the Defendant to 60 months imprisonment, to run concurrently to an undischarged state parole violation sentence; a three-year term of supervised release; a $1,900.00 fine; and a $100 special assessment. (Doc. 45).

In the motion currently before the Court, the Defendant requests credit toward his sentence for "'17 months' of back time" that he asserts the Court awarded him. Defendant states that he has "taken proper Administrative Remedy but to no avail been denied."

This Court is without jurisdiction to grant Defendant the relief he seeks. Assuming the Defendant has properly exhausted his administrative remedies with the Bureau of Prisons (BOP), the avenue for seeking judicial review of credit towards his sentence is by filing a 28 U.S.C. § 2241 petition in either the district where he is confined (the Western District of Oklahoma), in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office. See United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

Accordingly, the undersigned recommends **DENYING** Defendant's **Motion (Doc. 50)** without prejudice to Defendant to filing a § 2241 petition in the proper district.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 28th day of January, 2021.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE